UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEANDRE TREMAINE THOMPSON,<br>Petitioner<br>v.<br>WARDEN WILLIAM BECHTOLD<br>Respondent | : | CIVIL NO: 1:15-CV-01570<br>(Judge Rambo)<br>(Magistrate Judge Schwab) |

**REPORT AND RECOMMENDATION**

**I. Introduction.**

The petitioner, DeAndre Tremaine Thompson, a prisoner awaiting sentencing in the Court of Common Pleas of Franklin County Pennsylvania, has filed a petition for a writ of habeas corpus. After review of the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, it is recommended that the petition be dismissed without prejudice because Thompson has not exhausted state remedies.

**II. Discussion.**

According to the petition, on June 16, 2015, Thompson was convicted in the Court of Common Pleas of Franklin County of two counts of rape of a child, two counts of involuntary deviate sexual intercourse with a child, and two counts of

indecent assault of a person less the 13 years of age. He is scheduled to be sentenced on September 16, 2015. Thompson claims that the magisterial district judge did not issue a criminal complaint, an arrest warrant, or a summons in his case, that he was never formally arrested or booked on the charges at issue, that the magisterial district judge never formally arraigned him, and that the district attorney did not file an information.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court should promptly review a habeas petition and dismiss the petition if it plainly appears that the petitioner is not entitled to relief. Here because it plainly appears that Thompson has not exhausted state remedies and there are no extraordinary circumstances excusing exhaustion, the petition should be dismissed.

"Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez v. Ryan,* 132 S.Ct. 1309, 1316 (2012). One of these rules is that a state prisoner must exhaust available state remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. § 2254(b) and (c). The exhaustion requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to

determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)("Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."). "The exhaustion rule also serves the secondary purpose of facilitating the creation of a complete factual record to aid the federal courts in their review." *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995). A habeas corpus petitioner bears the burden of demonstrating that he has exhausted state remedies. *O'Halloran v Ryan*, 835 F.2d 506, 508 (3d Cir. 1987). The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 845.

Although Thompson filed his petition on the standard form for a 28 U.S.C. § 2254 habeas petition, because Thompson has not yet been sentenced, his petition is properly brought under 28 U.S.C. § 2241. *See Moore v. DeYoung*, 515 F.2d 437, 441-442 (3d Cir. 1975)(stating that for a state prisoner habeas corpus is usually a post-conviction remedy but federal courts have jurisdiction under 28 U.S.C. § 2241 to issue the writ before a judgment is rendered in the state court proceedings). Although there is no statutory exhaustion requirement applicable to habeas petitions

brought under § 2241, the courts have imposed an exhaustion requirement. *Id.* at 442. "[A]lthough there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned." *Id.* The court should not issue a writ of habeas corpus without exhaustion under § 2241 unless extraordinary circumstances are present. *Id.* at 443.

Thompson asserts that, on July 7, 2015, he submitted a petition for a writ of habeas corpus in the Court of Common Pleas of Franklin County, but he has received no response to that petition. While Thompson admits that he did not exhaust state remedies, he suggests that exhaustion should not be required because he is asserting violations of the Constitution and there has been "fraud on the court." *See Doc. 1* at 8, 10, 11, 13, & 17. A claim that there was a violation of the Constitution is a requirement for every federal habeas case, and so such a claim certainly does not constitute extraordinary circumstances. Nor does Thompson's general assertion that there has been "fraud on the court" constitute extraordinary circumstances. Like any other state prisoner, Thompson can present his claims to the state courts after he has been sentenced. He has not pointed to extraordinary circumstances that would allow the Court to excuse exhaustion. Thus, the petition should be dismiss without prejudice to Thompson filing another petition after he has properly exhausted state remedies.

## III. Recommendation.

Because Thompson has not exhausted state remedies, it is recommended that the petition be dismissed without prejudice.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 13th day of August, 2015.

***S/Susan E. Schwab***
Susan E. Schwab
United States Magistrate Judge